# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

**EVALOIS BROWN,**

    **Plaintiff,**

vs.                                                       Case No. 4:18cv419-MW/CAS

**STATE OF FLORIDA, et al.,**

    **Defendants.**

_____/

## ORDER and REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se, has filed an amended civil rights complaint, ECF No. 4, and an in forma pauperis motion, ECF No. 5. Good cause having been shown in Plaintiff's motion, it is granted. Plaintiff is not required to pay the filing fee to proceed with this case.

Plaintiff's amended complaint has been reviewed. ECF No. 4. Plaintiff's claim is against the State of Florida. She alleges that while a passenger on a bus in Bradenton, Florida, she was spiritually "violated" and satanic demons were awakened. ECF No. 4 at 9. Plaintiff seeks 924 billion dollars as compensatory damages. *Id.*

First, Plaintiff provides no factual allegations which demonstrate how or why the State of Florida is responsible for the awaking of demons. Second, even if the State could somehow be responsible, Plaintiff cannot obtain monetary damages from the State of Florida.  The Eleventh Amendment of the United States Constitution provides:

> "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."

Bd. of Trustees of Univ. of Alabama v. Garrett, 531 U.S. 356, 363, 121 S. Ct. 955, 961 62, 148 L. Ed. 2d 866 (2001); *see also* Edelman v. Jordan, 415 U.S. 651, 662–663, 94 S.Ct. 1347, 1355, 39 L.Ed.2d 662 (1974).  It "is the privilege of the sovereign not to be sued without its consent." Virginia Office for Prot. & Advocacy v. Stewart, 563 U.S. 247, 253, 131 S. Ct. 1632, 1637, 179 L. Ed. 2d 675 (2011).  Absent waiver by the state or valid abrogation by Congress, "federal courts may not entertain a private person's suit against a State." Stewart, 563 U.S. at 254, 131 S. Ct. at 1638.  The State of Florida is immune from suit in this Court by force of the Eleventh Amendment. Carr v. City of Florence, Alabama, 916 F.2d 1521, 1524 (11th Cir. 1990).

Third, the State of Florida is not a "person" that may be sued under § 1983. Suits against States and state officials are not possible pursuant to 42 U.S.C. § 1983 because the state, state agencies, and state officials acting in official capacity are not "persons" as intended by § 1983. <u>Will v. Michigan Department of State Police</u>, 491 U.S. 58, 109 S. Ct. 2304, 2308-2311, 105 L.Ed.2d 45 (1989).

For all these reasons, this civil rights action should be dismissed. It does not appear that providing Plaintiff another opportunity to submit a second amended complaint would be beneficial.

Accordingly, it is

**ORDERED:**

1. Plaintiff's motion for leave to proceed in forma pauperis, ECF No. 5, is **GRANTED**.

2. The Clerk of Court shall file the complaint without requiring payment of the filing fee.

## RECOMMENDATION

It is respectfully **RECOMMENDED** that Plaintiff's amended complaint, ECF No. 4, be **DISMISSED** for failure to state a claim upon which relief may be granted.

**IN CHAMBERS** at Tallahassee, Florida, on October 3, 2018.

 S/     Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b)(2).  <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u>  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**